Opinion
ALARCON, J.
The People have appealed from the order of the trial court dismissing count II of the complaint after the defendant’s demurrer to that count was sustained.
Count II of the complaint alleged that the defendant “did willfully and unlawfully display, cause and permit to be displayed upon an advertising structure and sign pictures and illustrations of human figures in such detail as to offend public morals and decency” in violation of section 5402 of the Business and Professions Code.
Section 5402 provides as follows: “No person shall display or cause or permit to be displayed upon any advertising structure or sign, any statements or words of an obscene, indecent or immoral character, or any picture or illustration of any human figure in such detail as to offend public morals or decency, or any other matter or thing of an obscene, indecent or immoral character.”
The defendant was charged with that portion of section 5402 which prohibits the display on an advertising sign or structure of any picture or illustration of a human figure in such detail as to offend public morals and decency. While other parts of the statute which proscribe words or statements, or any matter or thing which is indecent or immoral, make reference to obscenity, no such standard was used concerning the human figure. Appellant contends, without citation of authority, that the Legislature may regulate outdoor advertising displays “with respect to nudity or sex which is not confined within the limits imposed by the constitutional tests for obscenity as set forth in Miller v. California (1973) 413 U.S. 15, 37 L.Ed.2d 419, 93 S.Ct. 2607 and its progeny.” We are also asked to construe the statute as applying to a “depiction of such conduct as would constitute an indecent exposure or *Supp. 76 obscene exhibition in violation of Penal Code section 314, or lewd or dissolute conduct in any public place or in any place open to the public view in violation of Penal Code Section 647, subdivision (a).”
We would agree with appellant that the words “human figure” in section 5402 relate to nudity. The troublesome words of the statute are those which make the depiction of nudity a crime when it offends public morals and decency. The terms “public decency” and “public morals” were found to be unconstitutionally vague in the matter of In re Davis (1966) 242 Cal.App.2d 645 [51 Cal.Rptr. 702], (See generally Musser v. Utah (1948) 333 U.S. 95 [92 L.Ed. 562, 68 S.Ct. 397]; see also State v. Musser (1950) 118 Utah 537 [223 P.2d 193].) We are bound by that court’s interpretation of these words when used as a standard to assess criminal conduct.[1] Had the Legislature used the word “obscene” in connection with public morals and decency with reference to the display of a picture or illustration of the human figure in outdoor advertising, each of these generic terms might well be adequate to meet constitutional attack. (See Hamling v. United States (1974) 418 U.S. 87, 110-114 [41 L.Ed.2d 590, 616-619, 94 S.Ct. 2887]; see also In re Davis (1966) 242 Cal.App.2d 645, 662-663 [51 Cal.Rptr. 702].) The Legislature failed to do so. We must assume the omission was deliberate since the term “obscene” was used in the preceding and following clauses in the challenged statute.
The order dismissing count II of the complaint is affirmed.
Marshall, P. L, and Cole, J. concurred.

We are aware of the decision of our Supreme Court in Boreta Enterprises, Inc. v. Department of Alcoholic Beverage Control (1970) 2 Cal.3d 85, 101 [84 Cal.Rptr. 113, 465 P.2d 1] which found the terms “public morals" sufficiently clear to serve as a standard in determining the validity of an on-sale general bona fide public eating place license revocation. However, we believe Boreta is distinguishable since it dealt with an administrative agency’s power to revoke a license and not'a criminal prosecution. The standard of certainty required of a statute regulating a licensee “need be sufficiently definite only to provide directives of conduct for the administrative body in exercising its delegated administrative or regulatory powers.” (Duskin v. State Board of Dry Cleaners (1962) 58 Cal.2d 155, 160 [23 Cal.Rptr. 404, 373 P.2d 468], See also Katz v. Department of Motor Vehicles (1973) 32 Cal.App.3d 679 [108 Cal.Rptr. 424].) Indeed, the conduct of a licensee can be sufficient grounds for the revocation of a license even though the statute under which such conduct was criminally prosecuted (§ 6501A of the Pen. Code) may have been unconstitutionally vague. (Pettit v. State Board of Education (1973) 10 Cal.3d 29, 33, fn. 4 [109 Cal.Rptr. 665, 513 P.2d 889].) It should be noted that the Pettit case cites In re Davis (1966) 242 Cal.App.2d 645 [51 Cal.Rptr. 702], and refers to the holding concerning the vagueness of “public decency.”