**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NORCAL OUTDOOR MEDIA, LLC,

        Plaintiff-Appellant,

  v.

TOKS OMISHAKIN, Director of the
California Department of Transportation,

        Defendant-Appellee,

 and

XAVIER BECERRA, Attorney General of
the State of California,

        Defendant.

No.   21-15877

D.C. No.
2:19-cv-02338-JAM-DB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 17, 2022
San Francisco, California

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SILER,[**] S.R. THOMAS, and CALLAHAN, Circuit Judges.

NorCal Outdoor Media, LLC (NorCal) appeals from an order dismissing its challenge to the constitutionality of several provisions of the California Outdoor Advertising Act (OAA), CAL. BUS. & PROF. CODE §§ 5200 *et seq.*, a statutory scheme administered by the California Department of Transportation (Caltrans). We have jurisdiction under 28 U.S.C. § 1291, and review de novo a district court's decision to dismiss a case for lack of Article III standing. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). We affirm.

To establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The sufficiency of a plaintiff's allegations is judged according to "the manner and degree of evidence required at the . . . stage[ ] of the litigation" at which the standing issue arises. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "'Where, as here, a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element' of standing." *McGee v.*

---

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

*S-L Snacks Nat'l*, 982 F.3d 700, 705 (9th Cir. 2020) (quoting *Spokeo, Inc.*, 578 U.S. at 338).

Although special concerns exist in the First Amendment context, *see LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000), we have nonetheless reaffirmed that "the rigid constitutional requirement that plaintiffs must demonstrate an injury in fact to invoke a federal court's jurisdiction" endures. *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (quoting *Dream Palace v. County of Maricopa*, 384 F.3d 990, 999 (9th Cir. 2004)). This requirement applies regardless of whether a plaintiff purports to assert an as-applied challenge or an overbreadth challenge seeking facial invalidation of a law. *See Get Outdoors II, LCC v. City of San Diego*, 506 F.3d 886, 891 (2007) ("We therefore agree . . . that the three *Lujan* elements [injury, causation, and redressability] still apply in the overbreadth context.").

The district court properly concluded that NorCal has not demonstrated a pre-enforcement injury from the OAA regulatory provisions, as it has failed to allege a "concrete plan" to violate these provisions. *Lopez*, 630 F.3d at 787 (quoting *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc)). NorCal's complaint states that NorCal is "prepared, ready, willing, and able to immediately place messages on the Sign which violate § 5402

3

of the OAA [the obscenity provision] and messages which satisfy none of the exclusions or exemptions provided by the OAA to its prohibition of advertising displays." This conclusory assertion falls short of the requirement that allegations of injury be sufficiently concrete such "that a court need not speculate as to the kinds of . . . activity the [plaintiffs] desire to engage in or as to the contents of their proposed public statements or the circumstances of their publication." *Id.* (internal quotation marks omitted). Further, NorCal admits that it has neither been warned of imminent enforcement nor been subjected to enforcement actions under the OAA in the past. *See id.* at 786 (noting that a "specific warning or threat to initiate proceedings" or a "history of past prosecution or enforcement" is "strong evidence" of a pre-enforcement injury). It has not identified any specific content it wishes to place on outdoor advertising, nor has it applied for any permit to do so. Speculative injury cannot sustain a claim of pre-enforcement injury.

NorCal also fails to allege facts sufficient to support its claim that the OAA's permitting scheme gives reviewing officials "unbridled discretion . . . over whether to permit or deny expressive activity," *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 755 (1988). First, contrary to NorCal's representations, the OAA's implementing regulations mandate that a permit must be granted or denied within a set time frame. CAL. CODE REGS. tit. 4 § 2422(b)(4) (requiring a

permit be granted or denied within 60 days of the submission of a permit application); s*ee also Plain Dealer*, 486 U.S. at 770 (noting that limits to officials' discretion are recognized if "made explicit by textual incorporation, binding judicial or administrative construction, or well-established practice").

Second, it is unclear whether the OAA's obscenity provision in practice provides reviewing officials with any discretion as to whether to grant or deny a permit based on the proposed content of the sign. The forms that are submitted as part of the permit application process do not appear to require applicants to provide any information on the content of their proposed displays.[1] To the extent the content of proposed signs are not reviewed until after a permit application is approved, this would obviate the concerns associated with prior restraints. *See Plain Dealer*, 486 U.S. at 757 (noting that the concerns supporting "unfettered discretion" standing are specific to situations where that discretion is "coupled with the power of prior restraint"). And in any event, Caltrans has conceded in this

---

[1] The Court takes judicial notice of the contents of the OAA's permit application form pursuant to FED. R. EVID. 201. The permit application form is a public document available for download on Caltrans' website. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (taking judicial notice of a city's "Event Permit Application" form, which could be accessed on the city's official website). The application requests a variety of information and supporting documentation, but nowhere requires a description of the proposed display's content. The application form can be accessed here: https://dot.ca.gov/programs/traffic-operations/oda/forms.

5

litigation that the phrase "offend public morals or decency" in § 5402 is unconstitutional and unenforceable as a result of the ruling in *People v. Turner*, 128 Cal. Rptr. 638, 639 (Cal. App. Dep't Super. Ct. 1976).

The district court properly concluded that, because NorCal failed to demonstrate an injury, it lacks standing to maintain this suit.

**AFFIRMED.**